PIENING, Assignee, Appellant, vs. ENDRESS and others, Respondents.

*January 16 — February 2, 1897.*

*Action by assignee to recover notes fraudulently transferred: Finding sustained.*

1. A purchase of notes from a bank by a depositor, he paying therefor with his check on such bank, though made but a few days before the failure of the bank, will not be held fraudulent in an action by the assignee of the bank to recover such notes, if the transaction is proved to have been conducted in good faith on the part of the purchaser, without knowledge of the insolvent condition of the bank, or of any fraudulent intent on the part of its officials, and without notice of any facts which should have put them upon inquiry.

2. A finding in such action that the transfer was not fraudulent will not be disturbed on appeal, if there was sufficient evidence to support it, though there was evidence which might have sustained an opposite finding.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Affirmed.*

This is an action in equity, brought by the assignee of the T. C. Shove Banking Company, to recover certain promissory notes alleged to have been fraudulently transferred to the defendants *Endress* by said banking company just prior to its assignment for the benefit of creditors. The notes in question were two in number, and were dated, respectively, on the 7th and 9th of January, 1892, due on the 9th and 11th of April, respectively, following, and were in the sum of $2,000 each. They were made and signed by the firm of *William Rahr's Sons*, a business firm at Manitowoc, and were discounted and owned by the banking company up to the time of the transfer to the defendants *Endress*. The answer of the defendants admitted their purchase of the notes from the bank on April 9, 1892, and alleged payment for the same by check at the time of the transfer. The makers of the notes, the *William Rahr's Sons*, were also made defendants in the action, and judgment for the amount of the notes asked against them. They answered, admitting their liability on the notes to the owner thereof, and their readiness to pay to the true owner, but alleged that they could not with safety pay either to the assignee of the bank or to the defendants *Endress*, and they prayed that the notes be brought into court and filed. It appeared on the trial that the T. C. Shove Banking Company, of Manitowoc, was actively engaged in the banking business for many years, up to the 12th day of April, 1892, at which time it made an assignment for the benefit of its creditors to the plaintiff; that it was in fact insolvent on the 1st day of April, prior to the failure; that at that time, and at the time of the assignment, the Manitowoc Manufacturing Company was indebted to the bank in the sum of more than $200,000; that, on the night of the 11th of April, the entire plant of the company was destroyed by fire; and that the assignment made by the bank on the following day was directly caused by the destruction of the factory. On the 9th of April, and for a long time prior

thereto, the defendants *C. W. Endress* and his two sons, constituting the firm of C. W. Endress & Sons, had deposits on book account in the bank amounting to $2,607.74. The defendant *C. W. Endress* individually had also a deposit in addition, amounting to $876.13. At this time, and for some time prior thereto, one A. J. Endress, a son of *C. W. Endress*, was assistant cashier of the banking company, but was not a member of the firm of C. W. Endress & Sons. Either on Saturday, April 9, or on Monday, April 11, the *Rahr* notes were purchased by C. W. Endress & Sons of the bank, acting through its assistant cashier, A. J. Endress. Payment therefor was made by check of C. W. Endress & Sons, drawn on the bank against their deposits, for $4,084; the check being drawn and signed by A. J. Endress, by authority of his father, *C. W. Endress*. At or about the same time, and by like authority, A. J. Endress had drawn a check on behalf of his father, transferring $800 of his father's individual account to the account of Endress & Sons. By the drawing of the check for $4,084, the firm account was overdrawn to the amount of $863.82; and on the 14th day of May, 1892, that overdraft was paid by the firm of Endress & Sons to the assignee. It is alleged in the complaint that the assignee received this fund inadvertently, without consultation with his counsel. He, however, retained the same until March, 1893, when he demanded in writing, from Endress & Sons, return of the notes, and offered to correct the account, and to return the $863.82 paid, and permit them to file their claim as general creditors of the bank.

The court found, in effect, that on April 9, 1892, Endress & Sons purchased and received the notes from the bank, and paid $4,000 therefor, without knowledge or reasonable cause to believe that the bank was insolvent, and without notice of any fact affecting the fairness of the sale and that they were purchasers in good faith for value before the banking company failed and made the assignment; that, in

making the sale, A. J. Endress, assistant cashier, a director and stockholder of the bank, acted as agent of the bank, and not as agent of Endress & Sons. Upon these findings, the complaint was dismissed upon the merits, and the plaintiff appealed.

For the appellant there were separate briefs by *G. G. Sedgwick* and *Schmitz & Kirwan,* and oral argument by *Michael Kirwan.* They contended that the transfer of the notes to the defendants *E.* was fraudulent as to other creditors, because it gave them a preference. *Batten v. Smith,* 62 Wis. 92, 98; *Valley Lumber Co. v. Hogan,* 85 id. 366, 370; *Lawson v. Stacy,* 82 id. 303. They had reason to believe the bank to be insolvent, and were chargeable with knowledge of its condition, their agent being one of its officers. *Otis v. Hadley,* 112 Mass. 100; *Nolte v. Hulbert,* 37 Ohio St. 447; *Cragie v. Hadley,* 99 N. Y. 131; *Brothers v. Bank of Kaukauna,* 84 Wis. 381, 395; *Gillett v. Phillips,* 13 N. Y. 114, 117.

For the respondents there was a brief by *Nash & Nash,* and oral argument by *L. J. Nash.*

Winslow, J.    The questions in this case were purely questions of fact, or of inferences to be drawn from facts. If the transactions between C. W. Endress & Sons and the bank (acting through its assistant cashier, A. J. Endress), on the 9th or 11th of April, 1892, by which the notes were transferred and delivered to Endress & Sons, and their check received in payment therefor, were conducted in good faith on their part, without knowledge of the insolvent condition of the bank, or of any fraudulent intent on the part of its officials, and without notice of any fact which should have put them on inquiry, then the transaction must be sustained. There was sufficient evidence to sustain such findings, and the trial judge believed the evidence, and so found. It is true that many facts appeared which tended to throw grave suspicion about the transaction, and, had the findings

been that the transfer was fraudulent, we probably should have been entirely satisfied with them. But it cannot be said that the findings are clearly against the preponderance of the evidence; hence we cannot disturb them.

